**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **GOELET DEVELOPMENT INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KEMTHORNE, SECRETARY OF THE INTERIOR, et al.** | : | **NO. 07-50** |

**MEMORANDUM OPINION**

**Savage, J.** **November 30, 2016**

This dispute arises out of an action taken by a federal agency that has denied a landowner access to its property. The threshold issue is whether sovereign immunity bars the landowner from suing the federal agency and its officers who took the action. If so, the landowner has no remedy to gain unlimited access to its property.

Plaintiff Goelet Development, Inc. brought suit in the Superior Court of the Virgin Islands seeking a declaration that gates erected by the United States Department of the Interior restricting access to its property constitutes a public nuisance and a declaration that it has an easement by necessity. Goelet named as defendants the United States Department of the Interior, the Secretary of the Interior, the National Park Service ("NPS"), the Government of the Virgin Islands, and the Lieutenant Governor of the Virgin Islands.[1] The federal defendants removed the case, asserting that it "concerns the duties and powers of a federal agency, its departments and employees, [and] requires the interpretation of federal law."[2] *See* 28 U.S.C. § 1442(a)(1).

[1] In its original complaint Goelet also named as defendants the owners of an adjoining property, the Credit Bureau of St. Croix, Inc., and the James River Capital Corp. Goelet omitted them from the amended complaint.

[2] Notice of Removal at 2 (Doc. No. 1).

Following removal, Goelet filed an amended complaint seeking a declaration that the portion of Queen Street running adjacent to its property is a public roadway and that the gates blocking it constitute a public and private nuisance. It requests an order directing the NPS to remove the gates. Goelet also seeks mandamus relief compelling the Lieutenant Governor to update public and private property surveys to reflect that the disputed portion of Queen Street is a public roadway.

The federal defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Goelet's claim for lack of subject matter jurisdiction, contending that the United States has not waived its sovereign immunity and that the action is barred by the statute of limitations. Goelet counters that under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, the United States waived sovereign immunity for non-monetary claims. Goelet also argues that because the defendants' conduct is continuing, the statute of limitations has not run.

We conclude that the federal defendants have waived immunity under the APA and there is a factual issue bearing on the running of the statute of limitations. Therefore, we shall deny the motion to dismiss.

**Factual Background**

Goelet owns real property located at 1A and 2A Hospital Street in Christiansted, St. Croix.[3] The property is bordered on the east by Gallows Bay, on the south and west by privately owned property, and on the north by Christiansted National Historic Site,[4]

[3] Am. Compl. ¶ 8 (Doc. No. 1).

[4] In the amended complaint, Goelet refers to Christiansted National Historic Site as D. Hamilton Jackson Park.

which is under the control of the NPS.[5] The only means of accessing Goelet's property is via Queen Street, a public roadway which separates Goelet's property from Christiansted National Historic Site.[6]

In 1999, the NPS constructed a parking lot adjacent to the northern edge of Queen Street and paved Queen Street, running east to west to Hospital Street.[7] It also installed locked gates at the western access point to Queen Street from Hospital Street, restricting public access to the portion of Queen Street between Hospital Street and Gallows Bay.[8] Consequently, Goelet cannot access its property whenever it wants.

**Standard of Review**

Whether a Rule 12(b)(1) motion presents a "facial" or a "factual" attack dictates the scope of review. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial challenge asserts an insufficiency on the face of the complaint. *Id.* A factual attack disputes the factual basis supporting subject matter jurisdiction. *Id.*

Here, the federal defendants make a facial challenge to subject matter jurisdiction. They do not dispute the allegations in the amended complaint. Rather, the federal defendants argue that even accepting Goelet's allegations as true, the assertions are insufficient to invoke subject matter jurisdiction because they enjoy sovereign immunity.

In reviewing a facial challenge, we consider only the allegations in the complaint and the attached documents. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358

[5] Am. Compl. ¶¶ 10–13, 22.

[6] *Id.* ¶ 30.

[7] *Id.* ¶ 26.

[8] *Id.*

(3d Cir. 2014) (citation omitted). We accept the allegations as true and construe them in the light most favorable to the plaintiff to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *see also Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). Thus, in considering this facial challenge under Rule 12(b)(1), we apply the same standard of review used in considering a motion to dismiss under Rule 12(b)(6).

**Federal Officer Removal**

We first consider whether this action was properly removed. An action may be removed if a federal district court would have original jurisdiction over the claim. *Jefferson Cty. v. Acker*, 527 U.S. 423, 430 (1999). In other words, there must be federal question or diversity subject matter jurisdiction apparent on the face of the plaintiff's well-pleaded complaint. *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).

Absent a federal question in the plaintiff's complaint, an anticipated or actual federal defense generally does not support removal. *Jefferson Cty.*, 527 U.S. at 430 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). However, the federal officer removal statute, 28 U.S.C. § 1442(a)(1), provides an exception to the rule. It allows a federal officer to remove a nonfederal action where the officer has a defense based on federal law. *Jefferson Cty.*, 527 U.S. at 430–31.

To support removal under section 1442(a)(1), the federal defendant must establish the following: (1) he or she is a federal officer or a person acting under a

federal officer; (2) the plaintiff's claims are based on the defendant's conduct while "acting under" a federal office; (3) the claims against the defendant are "for, or relating to" an act under color of federal office; and (4) he or she raises a "colorable federal defense." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 467 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 980 & 994 (2016); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129 (1989); and *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).

A "colorable federal defense" does not "require the officer virtually to 'win his case before he can have it removed.'" *Jefferson Cty.*, 527 U.S. at 431 (quoting *Willingham*, 395 U.S. at 407). Rather, a federal defendant need only identify facts which, viewed in the light most favorable to him or her, would establish a complete defense at trial. *See, e.g.*, *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010).

When the plaintiff's case rests on state law, the federal officer's colorable defense arising under federal law provides the constitutional prerequisite for federal question jurisdiction. *Jefferson Cty.,* 527 U.S. at 431; *Mesa*, 489 U.S. at 128, 134–37, 139. In that instance, the case is removable.

Here, all elements for removal are satisfied. The amended complaint alleges that federal officers and agencies, while acting under a federal office, erected gates restricting Goelet's access to its property. In the notice of removal, the federal defendants assert a federal defense—sovereign immunity. Because all four elements for federal officer removal under section 1442 are satisfied, removal was proper.

**Waiver of Sovereign Immunity**

Sovereign immunity is a complete defense because it divests the court of jurisdiction to hear the claim. *See United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000). Unless waived, it raises a jurisdictional bar.

The APA provides an express waiver of sovereign immunity. It permits a person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to bring an action for non-monetary relief. 5 U.S.C. § 702.

The APA provides both a waiver of immunity and a vehicle for judicial review. *Chehazeh v. Att'y Gen. of U.S.*, 666 F.3d 118, 126–27 (3d Cir. 2012); *NVE, Inc. v. Dep't of Health & Human Servs*., 436 F.3d 182, 189 (3d Cir. 2006). The waiver "extends to all nonmonetary claims against federal agencies and their officers, regardless of whether or not the cases seek review of 'agency action' or 'final agency action' as set forth in section 704." *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 397 (3d Cir. 2012). When Congress passed the 1976 amendments to the APA, it clearly expressed its intent that the waiver be applied broadly, stating "[t]he time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a federal agency or officer acting in an official capacity." H.R. Rep. No. 94-1656 at 9 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6121, 6129.

Despite this expansive interpretation, the APA does not waive sovereign immunity in every case where the plaintiff seeks review of agency action. The APA does not waive immunity when monetary relief is sought, another applicable statute

precludes judicial review, or the agency action is statutorily committed to discretion. *Chehazeh*, 666 F.3d at 127.

The APA constitutes a waiver of sovereign immunity only where the plaintiff seeks non-monetary relief. *Jaffee v. United States*, 592 F.2d 712, 719 (3d Cir. 1979). Goelet does not request money damages. It seeks only a declaratory judgment against a federal agency and its officers. Thus, unless Goelet can obtain relief under another statute or the NPS was acting within its discretionary authority, the APA operates to waive sovereign immunity.

Where another statute provides the relief requested by the plaintiff, the APA does not provide an alternative means of seeking the same relief. Congress did not intend the APA to serve as a redundant avenue for review of agency action. *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). The APA provides judicial review of agency action only where an alternative form of relief is insufficient or unavailable. *U.S. Army Corps. of Eng'rs v. Hawkes, Co., Inc.,* 136 S. Ct. 1807, 1815 (2016).

In determining whether alternative relief is available, we must identify the nature of the claim. Goelet's claim is for nuisance, which sounds in tort. *L'Henri, Inc. v. Vulcan Materials Co.*, No. 06-177, 2010 WL 924259, at *5 (D.V.I. Mar. 11, 2010) (citing Restatement (Second) of Torts § 821D (1979)). Tort claims may be brought under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b)(1). The FTCA provides only monetary relief. 28 U.S.C. §§ 1346(b)(1). It does not permit an action for equitable relief. Hence, there is no other statute providing relief, precluding judicial review of Goelet's action under the APA.

Goelet must overcome one final hurdle. The APA does not waive immunity where the agency action is statutorily committed to discretion. 5 U.S.C. § 702(a)(2). The NPS Organic Act, 16 U.S.C. § 1 *et seq.* (2006),[9] gives the Secretary of the Interior the authority to regulate and manage the National Park System. The NPS's authority does not extend over land outside its jurisdiction. *See, e.g.*, 16 U.S.C. § 1c (2006); *Weiss v. Kempthorne*, 683 F. Supp. 2d 549, 560 (W.D. Mich. 2010), *aff'd in part and vacated in part*, 459 F. App'x 497 (6th Cir. 2012) (citing *Stewart v. Potts*, 996 F. Supp. 668, 681–83 (S.D. Tex. 1998)).

The federal defendants rely on *Hale v. Norton*, 437 F.3d 892 (9th Cir. 2006), for the proposition that the NPS has "the power to regulate even an established right-of-way."[10] However, the right of way at issue in *Hale* was within the boundaries of a national park. *Hale*, 437 F.3d at 893.

Here, Queen Street borders Christiansted National Historic Site. It is not within the boundaries of the park. *See* Virgin Islands Reservation of Lands, 40 Fed. Reg. 5365, 5365 (Feb. 5, 1975). The NPS had no authority to erect gates on land outside its jurisdiction. Because the NPS acted outside the scope of its discretionary authority granted by the NPS Organic Act, its conduct is not beyond the reach of the APA. Thus, we conclude that the APA waives immunity in this action challenging the NPS's conduct and seeking non-monetary relief which is not precluded by another statute.

---

[9] The provisions of the United States Code relating to the NPS have been relocated to the new Title 54. Because this action was initiated prior to the recodification, we refer to the NPS Organic Act as previously codified in Title 16.

[10] Reply in Supp. of Mot. to Dismiss at 3 (Doc. No. 77).

Having concluded that sovereign immunity has been waived through the APA, we must determine whether there is federal subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105 (1977). The APA is not an independent grant of federal jurisdiction. *Id.* Federal subject matter jurisdiction exists over a state-law claim removed to federal court where a federal question is raised in the federal defendants' removal petition and the complaint necessarily states a federal issue that is "actually disputed and substantial." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Franchise Tax Bd.*, 463 U.S. at 10–11, n.9.

When the federal defendants removed this case, they asserted that it "concerns the duties and powers of a federal agency."[11] Indeed, it does.

Under the substantial federal question test, federal jurisdiction over a state-law claim exists if a federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 133 S. Ct. 1059, 1063–65 (2013). The plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28. The substantiality inquiry turns not on the interests of the litigants, but on the broader significance to the federal system overall. *Gunn*, 133 S. Ct. at 1066; *Grable,* 545 U.S. at 312–15.

Goelet's amended complaint alleges that the federal defendants took action exceeding their authority. Goelet contends that the federal defendants had no authority over Queen Street and acted illegally when they erected the gates on the street. There are few more substantial federal issues than one where a citizen claims that the

[11] Notice of Removal at 2 (Doc. No. 1).

government exceeded or abused its power in taking action affecting private property. Entertaining federal jurisdiction over this claim will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Thus, we have federal question subject matter jurisdiction over Goelet's claim.

**Statute of Limitations**

Civil actions against the United States are governed by a limitations period of six years. 28 U.S.C. § 2401(a). Judicial review of agency action under the APA is subject to a six-year limitations period. *Dougherty v. U.S. Navy Bd. for Corr. of Naval Records*, 784 F.2d 499, 500–01 (3d Cir. 1986).

Typically, a statute of limitations defense cannot be raised in a motion to dismiss. However, when it appears on the face of the complaint that the statute of limitations has expired, the complaint may be dismissed at the pretrial stage. *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Saylor v. Ridge*, 989 F. Supp. 680, 684 (E.D. Pa. 1998).

The amended complaint alleges that the NPS installed the gates on Queen Street in 1999. Goelet filed this action on April 4, 2007. To overcome the six-year limitations period, Goelet contends that the continuing violations doctrine starts a new cause of action each time the federal defendants restrict access to its property by closing and locking the gates. *See Hodge v. Bluebeard's Castle, Inc.*, 44 V.I. 242, 253–54 (V.I. 2002). So, it argues, the statute of limitations has not run.

The continuing violations doctrine provides that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Cowell v. Palmer Twp.*, 263 F.3d

286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). The doctrine applies when: (1) the violations are of the same type and connected; (2) the acts are recurring; and (3) the initial act did not have the degree of permanence that would have alerted the plaintiff that it had a duty to assert its rights then. *Id.* (citing *West v. Phila. Elec. Co.*, 45 F.3d 744, 755 n.9 (3d Cir. 1995)).

The amended complaint contains sufficient allegations of a continuing practice. The NPS regularly locked and unlocked the gate. Each time that the NPS locked the gate could be viewed as a recurring act. *See Hodge*, 44 V.I. at 253–54 (citing *Barnes v. Am. Tobacco Co.*, 161 F.3d 127 (3d Cir. 1998); *Sandutch v. Muroski*, 684 F.2d 252 (3d Cir. 1982), *abrogated on other grounds by Klehr v. A.O. Smith Corp*., 521 U.S. 179 (1997)) (continuing nuisance occurred each time defendant blocked access to plaintiff's property by closing gate at night and locking chain). The installation of the gate could have signaled that it was permanent, triggering Goelet's duty to assert its rights. However, that is a determination for the fact finder to make. Thus, we shall not dismiss Goelet's claim as barred by the statute of limitations.

**Quiet Title Act**

The federal defendants argue that Goelet's claim is a disguised attempt to determine title to Queen Street. Because Goelet has failed to assert a cause of action under the Quiet Title Act, 28 U.S.C. § 2409a, they contend we cannot decide the issue of title.[12]

[12] Brief in Support of Mot. to Dismiss at 12–13 (Doc. No. 55).

This action requires us to determine whether the installation of the gates on Queen Street constitutes a nuisance. To do so, we need not determine title to Queen Street. Goelet does not claim a real property interest in Queen Street. *See, e.g.*, *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978) (per curiam) (Quiet Title Act did not apply where plaintiffs did not claim real property interest in right of way to which they sought access); *see also Robinson v. United States*, 586 F.3d 683, 688 (9th Cir. 2009); *Long v. Area Manager, Bureau of Recreation*, 236 F.3d 910, 915 (8th Cir. 2001) (citing *Kinscherff*, 586 F.2d at 160). Thus, we reject the federal defendants' contention that Goelet's claim is a cause of action to quiet title.

**Conclusion**

The United States has waived its sovereign immunity by virtue of the APA and we have subject matter jurisdiction. Furthermore, the action is not barred by the statute of limitations. Therefore, we shall deny the motion to dismiss.

/s/ TIMOTHY J. SAVAGE, J.

TIMOTHY J. SAVAGE, J.